## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TIMOTHY SHELBY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:18-CV-416-G-BH** |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SERVICE, &** | § | |
| **BUCKLEY MADOLE, P.C., TRUSTEE,** | § | |
| **Defendants.** | § | **Pretrial Management** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management. Before the Court for recommendation are *Buckley Madole, P.C.'s Motion to Dismiss and Brief in Support Thereof*, filed February 26, 2018 (doc. 6), and *Defendants' Motion to Dismiss Plaintiff's Complaint and Brief in Support*, filed April 3, 2018 (doc. 11). Based upon the relevant filings and applicable law, both motions should be **GRANTED**.

### I. BACKGROUND

This case involves the attempted foreclosure of real property located at 6108 Lake Vista Drive, Dallas, Texas 75249 (the Property). (doc. 1-4 at 2.)[1] On June 20, 2005, Timothy Shelby (Plaintiff) executed an Adjustable Rate Note (Note) in favor of Southtrust Mortgage Corp. d/b/a Equibanc Mortgage (Southtrust) for a loan in the principal amount of $136,800.00. (docs. 1-4 at 15, 12-1 at 2-6.) Plaintiff and his wife, Jacqueline Shelby (Wife), contemporaneously executed a Deed of Trust that granted a security interest in the Property to Southtrust to secure repayment under the Note. (docs. 1-4 at 15-16, 12-2.) Under the terms of the Note and the Deed of Trust, Plaintiff and

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

his Wife would be in default if they failed to timely pay the full amount of each required monthly payment and subject to acceleration of the loan and foreclosure proceedings on the Property. (docs. 12-1 at 2-5, 12-2 at 5-15.) The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary, "[s]olely as nominee for [Southtrust] . . . and [its] successors and assigns." (doc. 12-2 at 3.) On March 31, 2015, MERS executed a Corporate Assignment of Deed of Trust to Wells Fargo Bank, N.A. (Wells Fargo), which was later filed and recorded in the property records of Dallas County, Texas. (doc. 12-3.)

The law firm of Buckley Madole, P.C.[2] (Buckley), Wells Fargo's foreclosure counsel, subsequently initiated foreclosure proceedings against the Property by holding Plaintiff and Wife in default under the Deed of Trust, and it scheduled the foreclosure sale of the Property for February 6, 2018. (docs. 1-4 at 6, 12-4.) On January 10, 2018, Plaintiff filed his "Original Petition and Request for Discovery" with an attached sworn affidavit in the 134th District Court of Dallas County, Texas, against Wells Fargo, MERS,[3] and Buckley (collectively, Defendants).[4] (doc. 1-4.) The foreclosure sale was cancelled, and Plaintiff continues to "reside" at the Property. (*Id.* at 2.) On February 16, 2018, Wells Fargo removed this action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 1-4.)

Plaintiff contends that Wells Fargo's and MERS's "claim to title [of the Property] is untrue and fraudulent and creates a 'cloud' on [his] ownership" of the Property. (doc. 1-4 at 3.) He disputes that he entered into a contract or owes money to either Wells Fargo or MERS under the Note or

---

[2] Its motion to dismiss explains that the law firm is now known as Bonial & Associates, P.C.  (doc. 6.)

[3] Plaintiff incorrectly identified MERS as "Mortgage Electronic Registration Service," instead of its correct name of Mortgage Electronic Registration Systems, Inc. (doc. 1-4.)

[4] Plaintiff attaches several blank written discovery requests, including requests for admissions and requests for production of documents, to his petition. (doc. 1-4 at 7-13.)

Deed of Trust, and he further alleges that he "did not knowingly or otherwise assign, transfer or give [the Note] away for another's personal benefit and gain." (*Id.* at 4.) He also contends that Buckley prepared and submitted "false documents with the intention that the false documents deprive Plaintiff of money and property." (*Id.* at 6.) He asserts claims for wrongful foreclosure, breach of contract, fraud, fraudulent inducement, and negligence. (*Id.* at 4-6.) His petition can also be liberally construed as asserting claims for quiet title and unjust enrichment. (*Id.* at 2-4, 15.) He seeks $75,000.00 in "actual damages," additional punitive damages, attorney's fees, court costs, pre- and post-judgment interest, a declaratory judgment that Defendants' interest in the Property is "null and void," and a permanent injunction enjoining Defendants from foreclosing on the Property. (*Id.* at 5, 7.)

On February 26, 2018, Buckley filed a motion to dismiss under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. (doc. 6.) On April 3, 2018, Wells Fargo and MERS (Bank Defendants) filed a combined motion to dismiss under Rule 12(b)(6). (doc. 11.) Plaintiff did not file any responsive pleadings, and both motions are now ripe for recommendation.

## II. RULES 8(a) & 12(b)(6)

Under Rule 8(a)(2), "[a] pleading that states a claim for relief . . . must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In turn, Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th

3

Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recover is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555*; accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probably requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts are "merely consistent with" a defendant's liability, its "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  When a party presents "matters outside the pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783

(5th Cir. 2007).  However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Bank Defendants attach to their motion to dismiss copies of the Adjustable Rate Note, the Deed of Trust, the Corporate Assignment of Deed of Trust, and the Notice of Trustee's Sale. (docs. 12-1, 12-2, 12-3, 12-4.) Because all of these documents are either referenced in Plaintiff's petition or are central to his general theory of the case, they are considered part of the pleadings. *See Collins*, 224 F.3d at 498.  Conversion of this motion to dismiss into a summary judgment motion is therefore unnecessary.

### III. BUCKLEY'S MOTION TO DISMISS

Buckley moves to dismiss all of Plaintiff's claims against it under Rules on grounds that it is immune.[5] (doc. 6 at 4-5.)

---

[5] Buckley's motion to dismiss first argues that Plaintiff's petition fails to state a claim against it because there is not "a single factual allegation relating solely to the conduct (or misconduct) by [Buckley]," and that it has been fraudulently joined in this suit. (doc. 6 at 2-3.) Because the immunity argument is dispositive as to the entire action, it will be considered first.

Under Texas state law, attorneys are generally not liable to a third party for actions taken in connection with representing a client. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (finding that an action that is "part of the discharge of [the attorney's] duties to [his] client" is immune from liability); *see also Reagan Nat'l Adver. of Austin, Inc. v. Hazen*, No. 03-05-699-CV, 2008 WL 2938823, at *2 (Tex. App.–Austin July 29, 2008, no pet.) ("Texas courts have long held that attorneys cannot be held civilly liable for damages to non-clients, under any theory of recovery, for actions taken in connection with representing a client"). The purpose of this grant of qualified immunity is to protect "the public's . . . interest in loyal, faithful and aggressive representation by the legal profession." *Van Hauen v. Wells Fargo Bank, N.A.*, No. 4:12-CV-344, 2012 WL 4092590, at *2 (E.D. Tex. Aug. 16, 2012) (citing *Reagan*, 2008 WL 2938823, at *2). Attorney immunity does not grant attorneys or firms the right to violate ethical rules, but merely limits third-party recovery against attorneys acting within the scope of their representative capacity. *Cantey Hanger*, 467 S.W.3d at 482. This protection "has been extended to include attorneys bringing foreclosure proceedings on behalf of their clients." *Villanueva v. Wells Fargo Home Mortg.*, No. 4:16-CV-320, 2016 WL 3917641, at *2 (E.D. Tex. July 20, 2016).

Attorney immunity is not unlimited, however, and "attorneys are not protected from liability to non-clients for their actions when they do not qualify as 'the kind of conduct in which an attorney engages when discharging his duties to his client.'" *Cantey Hanger*, 467 S.W.3d at 482 (citation omitted). The Texas Supreme Court has held that immunity does "not extend to fraudulent conduct that is outside the scope of an attorney's legal representation of his client, just as it does not extend to other wrongful conduct outside the scope of representation." *Id.* at 484. "Merely labeling an attorney's conduct 'fraudulent' does not and should not remove it from the scope of client representation or render it 'foreign to the duties of an attorney,'" however. *Id.* at 483 (citation

omitted). The relevant inquiry is whether the attorney's conduct was part of discharging her duties in representing her client. *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D. Tex. 1996) ("[t]he dispositive question is whether the attorney's conduct was part of the discharge of his duties in representing a party in a lawsuit.").

 Plaintiff's petition generally asserts claims of wrongful foreclosure, breach of contract, fraud, and negligence collectively against all Defendants. (doc. 1-4 at 4.) The only allegations in the petition specifically about Buckley are that it was "delegat[ed] authority" to foreclose by Wells Fargo, that the "[a]ttorney has committed fraud by preparing and submitting [] known false documents with the intention that the false documents deprive Plaintiff of money and property," and that the "[a]ttorney falsely alleges that [Plaintiff] has a contract with [Wells Fargo]." (*Id*. at 6.)

 Plaintiff's allegations against Buckley are based solely on the fact that it represented Wells Fargo by initiating foreclosure proceedings and issuing the requisite notices, all of which "clearly falls within the scope of an attorney's duties in representing his client." *Gipson v. Deutsche Bank Nat. Tr. Co.*, No. 3:13-CV-4820-L, 2015 WL 2079514, at *7 (N.D. Tex. May 4, 2015). Though Plaintiff alleges that Buckley "committed fraud" during the proceedings, his conclusory fraud allegations are not sufficient to establish that Buckley's alleged conduct was outside the scope of representation. *See Iqbal v. Bank of America, N.A.*, 559 F. App'x 363, 365 (5th Cir. 2014) (affirming applicability of attorney immunity where alleged acts fell within scope of foreclosure representation); *see also Wilder v. Ogden Ragland Mortg*., No. 3:15-CV-4013-N, 2017 WL 1053922, at *3 (N.D. Tex. Feb. 16, 2017) (defendant attorney entitled to immunity where conduct was limited to her role as foreclosure counsel). The petition fails to identify the "documents" submitted by Buckley, how these documents are false, or how the unidentified Buckley attorney knew that the documents were false. (*See* doc. 1-4.) Without more, his conclusory allegations are

7

insufficient to invoke the fraud exception to the attorney qualified immunity doctrine. *See Gipson*, 2015 WL 2079514, at *7-8 (finding that the fraud exception to attorney qualified immunity was not applicable when the plaintiff "identified no facts to support a plausible claim that the documents [submitted by foreclosure counsel] were fraudulent").

Plaintiff's claims against Buckley are barred by the doctrine of qualified immunity. *See Parker v. Buckley Madole, P.C.*, No. 4:17-CV-00307-ALM-CAN, 2018 WL 1631062, at *5 (E.D. Tex. Jan. 5, 2018), *adopted by* 2018 WL 1625670 (E.D. Tex. Apr. 4, 2018) (finding that Buckley was entitled to attorney immunity in a suit based upon its representation of Wells Fargo during foreclosure proceedings). Buckley's motion to dismiss all claims against it should be granted.

### IV. BANK DEFENDANTS' MOTION TO DISMISS

Bank Defendants move to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 11.)

### A.   Wrongful Foreclosure

Bank Defendants first argue that Plaintiff fails to state a claim for wrongful foreclosure because there are no allegations that a foreclosure sale has occurred. (doc. 11 at 11-13.)

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, and unfairness in foreclosure proceedings. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 Tex. Jur. 3d Deeds of Trusts and Mortgages § 177 (1998)). In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price for the property." *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011). The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd*, 880 F. Supp.

8

2d at 766 (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi

2008, no pet.)). A procedural defect may occur when the foreclosing party either "fails to comply

with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that

detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920, at

*2. Recovery is not available merely upon the showing of a defect in the foreclosure process; "it is

also necessary that there be [a] [grossly] inadequate selling price resulting from the defect." *Biggers*

*v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

Here, Plaintiff's petition appears to base his wrongful foreclosure claim on the allegations

that the Bank Defendants do not have any interest in the Property, and that he did not "knowingly"

agree to the transfer of the Deed of Trust to Wells Fargo. (doc. 1-4 at 3-4.) Even assuming that these

allegations are actual procedural defects in the foreclosure sale proceedings, the petition fails to

allege that a foreclosure sale occurred where the Property sold for a grossly inadequate selling price,

or that there is a causal connection between the defect and the grossly inadequate selling price.

Plaintiff's petition also admits that he still "resides" at the Property. (doc. 1-4 at 2.) Even accepting

all of his well-pleaded allegations as true, his petition still does not state any facts supporting the

requisite elements of a wrongful foreclosure action.[6] *See Lucas v. Ocwen Home Loan Servicing*, No.

3:13-CV-1057-G, 2014 WL 7059274, at *8 (N.D. Tex. Nov. 21, 2014), *adopted by* 2014 WL

7146033 (N.D. Tex. Dec. 12, 2014) (finding mortgagee failed to state a wrongful foreclosure claim

where the property had not been sold); *Medrano v. BAC Home Loans Servicing, LP.*, No. 3:10-CV-

02565-M-BF, 2012 WL 4174890, *3 (N.D. Tex. Aug. 10, 2012) ("An attempted wrongful

---

[6] Bank Defendants additionally point out that MERS never sought foreclosure against the Property, which is
reflected in the Notice of Trustee's Sale that identified only Wells Fargo as the mortgagee and mortgage servicer.
(doc. 11 at 13) (citing doc. 12-4).

foreclosure is not an action recognized under Texas law.").

**B.**    **Breach of Contract**

      Bank Defendants next contend that Plaintiff's breach of contract claim fails to state a claim because there are no allegations that either identify any specific contract provisions or state that he performed under the Deed of Trust. (doc. 11 at13-15.)

      The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins v. TestAmerica, Inc*., 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, pet. denied)).

      Here, Plaintiff's breach of contract claim appears to be based on allegations that the Note was assigned without his knowledge. (doc. 1-4 at 4.) In the sworn affidavit attached to the petition, however, Plaintiff also claims that the Note and Deed of Trust "do not constitute a lawful binding contract" because of the Bank Defendants' "fraudulent" acts. (*Id*. at 16-17.)

      To the extent that Plaintiff is alleging a breach of contract claim, the petition fails to identify a valid contract, explain how any assignment would breach that contract, allege that he tendered performance under that specific contract, or identify any damages sustained as a result of the breach. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (holding that when "plaintiffs fail to allege they were current on their payments under the deed of trust, dismissal of their breach of contract claim is proper"); *see Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming dismissal of breach of contract claim where plaintiff did not specify which provision in the deed of trust was breached). This claim is additionally undercut by the inconsistent statements in Plaintiff's affidavit that neither the Note nor the Deed of Trust

"constitute a lawful binding contract" due to fraud. (doc. 1-4 at 16-17.) Plaintiff accordingly fails to state a claim for breach of contract, and it should be dismissed.

## C.   **Fraud and Fraudulent Inducement**

Bank Defendants next seek dismissal of Plaintiff's fraud and fraudulent inducement claims because they fail to meet Rule 9(b)'s heightened pleading standard.[7] (doc. 11 at 18-19.)

There are two types of common law fraud in Texas: simple fraud and fraudulent inducement. The elements of simple fraud in Texas are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Adams v. Chase Bank*, No. 3:11-CV-3085-M, 2012 WL 2122175, at *5 (N.D. Tex. May 11, 2012) (citing *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) (internal citation omitted)), *adopted by* 2012 WL 2130907 (N.D. Tex. June 12, 2012). A claim for fraudulent inducement has the same elements, but it also requires an underlying

---

[7] Bank Defendants first argue that Plaintiff's claims for fraud, fraudulent inducement, and negligence are barred by the economic loss doctrine. (doc. 11 at 16-17, 19.) "The economic-loss rule bars tort actions based solely on recovery of the loss or damage to the subject of a contract." *New Century Fin., Inc. v. Olympic Credit Fund, Inc.*, 487 F. App'x 912, 915 (5th Cir. 2012) (citation omitted). Courts consider: (1) whether the claim is for breach of a duty created by contract, as opposed to a duty imposed by law; and (2) the nature of the alleged injury. *Hurd*, 880 F. Supp. 2d at 763 (citation omitted). Notably, courts have held that even absent a special relationship between contracting parties, there is always a duty to correct one's own prior false or misleading statements. *See, e.g., Int'l, Inc. v. J.C. Penney Corp., Inc.*, No. 3:04-CV-1265-M, 2005 WL 1704793, at *6 (N.D. Tex. July 19, 2005) (citing *Trustees of the Nw. Laundry & Dry Cleaners Health & Welfare Trust Fund v. Burzynski*, 27 F.3d 153, 157 (5th Cir. 1994)). In addition, "parties to a contract have an independent legal duty not to commit the intentional tort of fraud." *Cardinal Health Solutions, Inc. v. Valley Baptist Med. Ctr.*, No. 1:07-CV-111, 2009 WL 150942, at *20 (S.D. Tex. Jan. 21, 2009). Plaintiff asserts that he has suffered damages over and above the subject matter of the contract, including "a high degree of discomfort and distress over the action of [Defendants]" as a result of their actions. (doc. 1-4 at 4.) Because the economic loss doctrine may not bar Plaintiff's tort claims, they are addressed on the merits.

contract that was induced. *Id.*

Claims for both simple fraud and fraudulent inducement are subject to the heightened pleading standards under Rule 9(b), which requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010); *see also Potter*, 607 F.3d at 1032. "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations omitted). A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

Here, Plaintiff's fraud claims seem to be based upon his contention that the Bank Defendants "fraudulently allege that [Plaintiff] owes [them] money" under the Deed of Trust, and that the Bank Defendants have "fraudulently obtain[ed]" an interest in the Property. (doc. 1-4 at 6.) The affidavit attached to the petition also states that he was "fraudulently induced" into signing the Note and Deed of Trust because the Bank Defendants "did not fulfill [their] original promise and agreement to lend [their] own money," and they instead "grant[ed] additional third parties undeserving control, benefit, and interest in [Plaintiff's] personal property." (*Id.* at 16.) He claims that the "funding of the Note was created/obtained by and through [Plaintiff's] signature on [his] note/mortgage, of which the bank later arbitrarily and deceitfully claimed as its own, and then either sold, traded, or

12

collateralized the same for its own benefit and use." (*Id*. at 15.)

Even when viewed in the light most favorable, Plaintiff's petition fails to plead the circumstances surrounding the alleged fraudulent activity with particularity or to include the specifics of "the who, what, when, where, and how" as required under Rule 9(b). *See Benchmark Electronics*, 343 F.3d at 724. The petition does not identify any speaker, the details of how the funding of the Note was fraudulent in light of the provisions in the Note, any specifics about the timing or location of his communications with the Bank Defendants, or exactly how these communications injured him. The petition further fails to allege any facts that support the allegations that the Bank Defendants had knowledge or acted recklessly. *See Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 339 (5th Cir. 2008) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) . . . [because] the plaintiffs must set forth specific facts supporting an inference of fraud[,] . . . such as identify[ing] circumstances that indicate conscious behavior on the part of the defendants.") (citations omitted).

Because he has failed to meet the heightened pleading requirement of Rule 9(b), Plaintiff's fraud and fraudulent inducement claims should be dismissed for failure to state a claim. *See Anderson v. Nat'l City Mortg*., No. 3:11-CV-1687-N, 2012 WL 612562, at *5 (N.D. Tex. Jan. 17, 2012) (dismissing claims for fraud and fraudulent inducement based upon the plaintiff's assertions that she was "induced into a contract without a full disclosure by an attorney" because her allegations failed to state a claim and were "vague and conclusory").

**D.    Negligence**

Bank Defendants contend that Plaintiff's negligence claim should be dismissed because there are no allegations that they owed Plaintiff any duty in tort. (doc. 11 at 19-20.)

The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty;

13

(2) a breach of that duty; and (3) damages proximately caused by that breach. *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540-41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). A legal duty is a general obligation imposed by law "apart from and independent of promises made and . . . the manifested intentions of the parties, to avoid injury to others." *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 496 (Tex. 1991). To establish a legal duty between contracting parties, the plaintiff must generally "show there is a special relationship between [them]." *Lowe v. ViewPoint Bank*, No. 3:12-CV-1725-G-BH, 2013 WL 5273122, at *10 (N.D. Tex. Sept. 18, 2013) (citation omitted). The Fifth Circuit has stated that "under Texas law, there is no special relationship between [a] mortagor and a mortgagee" imposing a legal duty on the mortgagee for purposes of a negligence claim. *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (citing *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-CV-370, 2010 WL 1026968, at *8 (E.D. Tex. Feb.16, 2010), *adopted by* 2010 WL 1026969 (E.D. Tex. Mar. 17, 2010) ("[T]here is no duty of care that arises that would support a claim of gross negligence by the Plaintiff against Defendants, as any duty to act in good faith is based upon the Deed of Trust.")).

Here, Plaintiff's petition generally asserts that "[d]ue to . . . negligence on behalf of the Defendants, [Plaintiff has] suffered loss of equity in home of at least $75,000.00." (doc. 1-4 at 4.) His conclusory allegation that the Bank Defendants' negligence caused a loss of equity in the Property is a legal conclusion that is not entitled to any deference. *See Twombly*, 550 U.S. at 555 (to state a claim for relief, a plaintiff must provide "more than labels and conclusions"). Even if this allegation is taken as true, the petition still fails to state a negligence claim as a matter of law because there are no allegations that the Bank Defendants owed him a duty of care outside of any contractual obligations. *See Milton*, 508 F. App'x at 329 (finding that the plaintiff's "negligence and

14

gross negligence claims fail[ed]" because the defendant-mortgagee owed him no legal duty giving rise to such claims); *see Wilson v. Wells Fargo Bank, Nat. Ass'n*, No. 3:13-CV-2257-O, 2014 WL 815352, at *11 (N.D. Tex. Mar. 3, 2014) (dismissing negligence claim because the plaintiff failed to specify the legal duty that the defendant owed him). Plaintiff's negligence claim should be dismissed for failure to state a claim.

## E.    Declaratory Relief

Bank Defendants next seek to dismiss Plaintiff's request for declaratory relief because he fails to state a viable claim for relief. (doc. 11 at 20.)

When a declaratory judgment action is filed in state court and is subsequently removed to federal court, "it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). The Declaratory Judgment Act allows a federal court to declare the rights and legal relations of any interested party. 28 U.S.C. § 2201. The availability of a declaratory judgment depends upon the existence of a judicially remediable right, however. *See Bell*, 2012 WL 568755, at *8. Here, Plaintiff seeks a declaration that he is "the owner of the [P]roperty free and clear of any lien in favor of Defendants." (doc. 1-4 at 5.) As noted, Plaintiff has failed to allege facts giving rise to any plausible substantive claim or any present genuine controversy between the parties. *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *6-7 (N.D. Tex. Aug. 16, 2011), *aff'd by* 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim). The motion to dismiss Plaintiff's request for a

15

declaratory judgment should be granted.

**F.    <u>Injunctive Relief</u>**

Bank Defendants also seek to dismiss Plaintiff's request for injunctive relief because he fails to state a viable cause of action. (doc. 11 at 20-21.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, *inter alia*, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Here, Plaintiff seeks a permanent injunction preventing all of the Defendants from foreclosing on the Property. (doc. 1-4 at 5.) Because his substantive claims are subject to dismissal on the merits, Plaintiff cannot establish any likelihood of success on the merits. *See Mitchem v. Mortg. Elec. Registration Servs., Inc.*, No. 3:12-CV-1762-M-BH, 2013 WL 3870038, at *11 (N.D. Tex. July 26, 2013). The motion to dismiss Plaintiff's request for injunctive relief should be granted.

**G.    <u>Attorney's Fees</u>**

Bank Defendants further contend that Plaintiff's requests for attorney's fees should be dismissed because he fails to identify any legal basis for such relief. (doc. 11 at 21.)

Though he has been a *pro se* party for the entirety of this suit, Plaintiff seeks attorney's fees without identifying a basis for such an award. (doc. 1-4 at 5.) Because he is proceeding *pro se*, Plaintiff may not recover attorney's fees. *See Danial v. Daniels*, 162 F. App'x 288, 291 (5th Cir. 2006) ("Attorney's fees are not available to a non-attorney *pro se* litigant."); *see also Gipson*, 2015 WL 11120535, at *24. Plaintiff is also not entitled to attorney's fees because he has failed to plead any viable causes of action. *See Avila v. Mortgage Elect. Registration Sys., Inc.*, No. 4:12-CV-830, 2012 WL 6055298, at *7 (S.D. Tex. Dec. 5, 2012). The motion to dismiss Plaintiff's request for

16

attorney's fees should be granted.

## V. *SUA SPONTE* DISMISSAL

Liberally construed, Plaintiff's petition also appears to assert additional claims for quiet title and unjust enrichment. (*See* doc. 1-4 at 2-4.) A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of its intention and an opportunity respond. *See Carroll v. Fort James Corp*., 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). "The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-0082-N-BH, 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012), *adopted by* 2013 WL 55669 (N.D. Tex. Jan. 4, 2013) (citing *Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)).

### A.    <u>Quiet Title</u>

Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a "cloud" on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid. *See Warren v. Bank of America, N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) (citing *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.–Houston [1st Dist.] 2011, no pet.)). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.–Beaumont 2000, pet. denied). The plaintiff must recover on the strength of her own title, not on the weakness of her adversary's

title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001, no pet.). The plaintiff has the burden of establishing his superior equity and right to relief. *Wagner v. CitiMortgage, Inc.*, 995 F. Supp. 2d 621, 626 (N.D. Tex. 2014) (citing *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.–Houston [1st Dist.] 2009, pet. denied)).

Here, Plaintiff's petition alleges that the Bank Defendants' "claim to title [of the Property] is untrue and fraudulent and creates a 'cloud' on Plaintiff's . . . ownership of his property." (doc. 1-4 at 3.) Other than general assertions that Plaintiff is the "owner" of the Property, the petition fails to include any allegations regarding the strength of his own title or right to Property, and, as discussed, the Bank Defendants have provided certified copies of the Deed of Trust and the Corporate Assignment of Deed of Trust showing that Wells Fargo is the proper party to enforce the Deed of Trust through foreclosure. *See Warren*, 2014 WL 4636030, at *8 (dismissing a suit for failing to state a quiet title claim because "conclusory allegations fail to raise a reasonable inference that plaintiff has superior title or that [the defendant's] claim to the Property is invalid or unenforceable"); *see Bryant v. JP Morgan Chase Bank*, No. 3:12-CV-2650-M, 2013 WL 664708, at *7 (N.D. Feb. 4, 2013) (dismissing quiet title and trespass to try title claims where the recorded assignment negated the plaintiff's allegation that he held superior title to the property via a warranty deed). Any quiet title claim should be *sua sponte* dismissed for failure to state a claim because it is factually unsupported.

## B.    <u>Unjust Enrichment</u>

Both the Texas Supreme Court and the Fifth Circuit have recognized claims for unjust enrichment as independent causes of action. *See, e.g., Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010); *Elledge v. Friberg–Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007); *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.–Houston [1st Dist.] 2007, pet.

denied) ("Unjust enrichment is an independent cause of action.") (citation omitted). A plaintiff may recover for unjust enrichment if the defendant "has obtained a benefit from [him] by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). In essence, an unjust enrichment claim "characterize[s] the result of the [defendant's] failure to make restitution of benefits under such circumstances as to give rise to an implied or quasi-contract to repay." *Coleman v. Bank of New York Mellon*, No. 3:12-CV-04783-M-BH, 2013 WL 4761111, at *14 (N.D. Tex. Sept. 4, 2013) (citations omitted) (alterations in *Coleman*). Nevertheless, "there can be no recovery for unjust enrichment under a quasi-contract or contract implied-in-law theory when a valid, express contract covers the subject matter of the parties' dispute." *Merryman v. JPMorgan Chase*, No. 3:12-CV-2156-M-BH, 2013 WL 497883, at *6 (N.D. Tex. Jan. 16, 2013) (citation omitted).

Here, Plaintiff alleges that the Bank Defendants have "obtain[ed] an unjust enrichment" when they "fraudulently obtain[ed]" the Property and attempted to sell it. (doc. 1-4 at 4.) The petition, however, also identifies the existence of two express contracts governing this subject matter, *i.e.* the Note and Deed of Trust. (*Id*. at 15-17.) Bank Defendants additionally attached a certified copy of each of these contracts to their motion to dismiss. (*See* docs. 12-1, 12-2.) Because an express contract covers the subject matter of this dispute, Plaintiff's claim for unjust enrichment fails as a matter of law, and it should be *sua sponte* dismissed for failure to state a claim. *See Bircher v. Bank of New York Mellon*, No. 4:12-CV-171-Y, 2012 WL 3245991, at *6 (N.D. Tex. Aug. 9, 2012) (holding that "[t]he deed of trust and note preclude[d] a cause of action against [the foreclosing] Defendants for unjust enrichment") (citations omitted).

## VI. OPPORTUNITY TO AMEND

Notwithstanding a *pro se* party's failure to plead sufficient facts, the Fifth Circuit is inclined

19

to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010). Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, although Plaintiff has not amended his complaint since filing this action, he failed to file a response to either of the motions to dismiss after being specifically invited to do so. (doc. 8.) Nevertheless, it does not appear that Plaintiff has stated his best case in light of the sworn affidavit attached to his petition, particularly as to his allegations for breach of contract and fraud. He should accordingly be offered an opportunity to amend his complaint to sufficiently state a claim for relief.

## VII. RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allotted for objections to this recommendation, or some other deadline set by the Court, both of the motions to dismiss should be **GRANTED**, and all of Plaintiff's claims against all Defendants should be **DISMISSED with**

**prejudice** for failure to state a claim. If Plaintiff timely files an amended complaint, however, both motions to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

      **SO RECOMMENDED** on this 23rd day of July, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on the parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglas v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE